IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTON GROSS                                                                                         PLAINTIFF

VS.                                         CIVIL NO. 04-2181

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

**MEMORANDUM OPINION**

Anton Gross ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act.

**Background:**

The application for DIB now before this court was filed on May 15, 2002, alleging an onset date of February 15, 2001, due to a spinal disc injury to the neck and lower back. (Tr. 58-61, 95). An administrative hearing was held on April 9, 2003. (Tr. 220-265). Plaintiff was present and represented by counsel.

At the time of the administrative hearing, plaintiff was forty-nine years old and possessed a high school education and vocational training as a plumber. (Tr. 228). The record reflects that he has past relevant work experience ("PRW") as a plumber. (Tr. 228, 243-245).

On June 3, 2003, the Administrative Law Judge (hereinafter "ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 24). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity

(hereinafter "RFC"), to perform a range of light work, limited by his ability to only occasionally perform overhead reaching, push/pull, and finger with his right hand, stoop, kneel, crouch, crawl, and climb stairs; frequently feel with his right hand and be exposed to extreme cold; and, never climb ropes, ladders, or scaffolds. (Tr. 22-23). With the assistance of a vocational expert, the ALJ determined that, although plaintiff could not return to his PRW, he could still perform the positions of cashier and hotel/motel clerk. (Tr. 24).

On June 3, 2004, the Appeals Council declined to review this decision, in spite of the fact that plaintiff attached additional medical records to his request for review. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. The plaintiff and Commissioner have filed appeal briefs, and the case is now ready for decision. (Doc. # 4, 5).

**Applicable Law:**

When, as in this case, the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. We then have no jurisdiction to review the Appeals Council's action because it is a non-final agency action. See *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992). At this point, our task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence deemed material by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994). However, once it is clear that the Appeals Council considered the new evidence, then we must factor in the evidence and determine whether the

ALJ's decision is still supported by substantial evidence. This requires us to speculate on how the ALJ would have weighed the newly submitted evidence had they been available at the initial hearing. *Flynn v. Chater*, 107 F.3d 617, 622 (8th Cir. 1997). Thus, we have endeavored to perform this function with respect to the newly submitted evidence. *Id.*; *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995).

Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

After reviewing the record, the undersigned notes that the testimony of the vocational expert is not in agreement with the Dictionary of Occupational Titles ("DOT"). Generally, when expert testimony conflicts with the DOT, it is the DOT that controls. *Smith v. Shalala,* 46 F.3d 45, 47 (8th Cir. 1995); *Montgomery v. Chater*, 69 F.3d 273, 276-77 (8th Cir. 1995). However, the DOT classifications may be rebutted with VE testimony which shows that "particular jobs may be ones that a claimant can perform." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995).

In the present case, the vocational expert testified that a person of plaintiff's age, education, and background, who is limited to light work; can occasionally stoop, crouch, kneel, crawl, climb

stairs, and perform overhead work with his right upper extremity; can not use ropes, ladders, or scaffolds; and, can frequently use his right upper extremity to push/pull, could perform the positions of cashier II, hotel/motel clerk, and video rental clerk. (Tr. 254). When the ALJ further limited the hypothetical person's ability to only occasional exposure to the extreme cold, occasional use of the right upper extremity to push/pull, and occasional performance of overhead work with the right upper extremity, the ALJ indicated that this would not prevent said person from performing the positions of cashier II and hotel/motel clerk. (Tr. 257, 258-259). In response to additional questioning by plaintiff's counsel, the expert testified that these positions required only occasional fingering, stating that "[i]t's not a constant except on occasion, there may be quite a few clients waiting to come in there but I don't' think it's a consistent eight hours a day type thing." (Tr. 261-262). However, the position of cashier II requires frequent reaching, handling, and fingering. DICTIONARY OF OCCUPATIONAL TITLES § 211.462-010, *at* www.westlaw.com. In addition, a hotel clerk is required to frequently finger. *Id*. at § 238.367-038. Given the fact that the expert was not aware that these positions required frequent fingering and the fact that both positions require the regular use of a computer, adding machine, and/or cash register, we believe that it would be difficult for a right-hand dominant individual who can only occasionally finger with his right hand to perform these tasks on the level required of these positions. Therefore, as the VE's task "is to determine whether jobs exist for someone with the claimant's precise disabilities," he failed to accomplish that task in this case. *Johnson,* 60 F.3d at 1435; *Jelinek v. Bowen,* 870 F.2d 457, 459 (8th Cir. 1989). Accordingly, the Commissioner may not rely on his testimony, and has not met her burden of demonstrating that jobs exist in the economy which plaintiff is capable of performing.

The undersigned is also troubled by the fact that the ALJ failed to properly address the RFC assessment of plaintiff's treating physician, Dr. Standefer. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight); *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist). Dr. Standefer noted that plaintiff should only occasionally lift no more than twenty-five to thirty pounds and avoid repeated bending. He also stated that plaintiff would need to alternate between sitting, standing, and walking. (Tr. 159). However, the ALJ dismissed these findings, stating that they were contrary to the remainder of the record. (Tr. 22). After reviewing the record, we do not agree with the ALJ's determination in this regard. Accordingly, on remand, the ALJ is directed to reconsider Dr. Standefer's assessment, requesting additional information from Dr. Standefer, if necessary.

In addition, the ALJ is directed to address interrogatories to all of the physicians who have examined and/or treated plaintiff during the relevant time period, asking those physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. They should also be asked to provide the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

In addition, we note that the additional medical records submitted by plaintiff to the Appeals Council reveal additional information concerning the impairment to plaintiff's right upper extremity

and hands. (Tr. 200-219). These records are dated between September 2003, and December 2003, with the former being only three months after the ALJ's decision. An examination in September 2003, by Dr. Janaki Setty at the Veteran's Administration Clinic, showed that plaintiff had an impaired grip in the left hand, decreased abduction in the right shoulder, and decreased strength in the left arm and right hand. (Tr. 216). In fact, the last record, dated November 2003, indicated that plaintiff underwent a diagnostic MRI in an effort to resolve this problem. (Tr. 201). However, the results of said MRI are not contained in the record.

These records also reveal that plaintiff was diagnosed with hepatitis C in October 2003, and that the problem with his right upper extremity and hand could have been an extra-hepatic atypical manifestation of that condition. (Tr. 206, 214). As such, we believe that these records would have impacted the ALJ's decision concerning plaintiff's RFC. Accordingly, on remand, the ALJ is directed to review these records, and to further develop the record concerning the results of the MRI performed in November 2003 and plaintiff's hepatitis C diagnosis.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this the 9th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE